IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **AUDIE JAMES** | § |
| | § |
| VS. | § CIVIL ACTION NO. 4:24-CV-486-P |
| | § |
| **AMERICAN AIRLINES GROUP INC.** | § |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS

Pending before the Court is Defendant American Airlines Group Inc. ("Defendant")'s Motion to Dismiss [doc. 27], filed August 6, 2024. Having carefully considered the motion, relevant filings, and applicable law, the Court **RECOMMENDS** that Defendant's motion be **GRANTED**.

### I.    FACTUAL BACKGROUND

On May 21, 2024, Plaintiff Audie James ("Plaintiff") filed his original Complaint ("Complaint") [doc. 1] against Defendant. The Plaintiff set forth three separate claims in the Complaint: (1) violation of his First Amendment Rights under 42 U.S.C. § 1983, (2) violation of the Texas Whistleblower Act under Tex. Gov't Code § 554.003, and (3) violation of the Occupational Safety and Health Act under 29 U.S.C. § 660(c).[1] (Complaint ("Compl.") at 5–6.) Thereafter, on June 19, 2024, Defendant filed a Motion to Dismiss [doc. 13]. After Plaintiff filed an "Amended Complaint Supported by Affidavit" ("Amended Complaint") [doc. 23] on July 29, 2024, the Court issued an order finding Defendant's Motion to Dismiss moot. The Amended Complaint dropped all three previous claims in the original Complaint and incorporated a single claim of negligence. (Amended Complaint ("Am. Compl.") at 5.)

---

[1] The original complaint also included a claim against Gail McLean, who was not listed as a Defendant.

Based on the July 29, 2024 Amended Complaint, Defendant, on August 6, 2024, filed its pending Motion to Dismiss [doc. 27]. In this motion, Defendant claims that the case should be dismissed because the Court lacks subject-matter jurisdiction over the case and because Plaintiff's Amended Complaint has failed to state a claim upon which relief can be granted. (Defendant's Motion to Dismiss ("Def.'s Mot.") at 2.) Plaintiff, on August 12, 2024, filed an Objection to Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6), Fed. R. Civ. P" ("Plaintiff's Response") [doc. 28]. While confusing and unclear, Plaintiff objected to Defendant's motion to dismiss, based on his "uncontroverted affidavits," the Administrative Procedure Act, and "Judicial Review of Agency Actions."

Finding merit in Defendant's Motion to Dismiss as well as in statements made by Plaintiff regarding his claims in Plaintiff's Response and in the Joint Status Report [doc. 32], the Court, in an order dated September 4, 2024 [doc. 34], ordered the Plaintiff to file a second amended complaint no later than September 18, 2024. In this Order, the Court, *inter alia*, stated, "If Plaintiff is asserting more than a single claim of negligence against Defendant, Plaintiff needs to make this clear and set forth every claim that he is asserting against Defendant, supported by non-conclusory factual allegations." Instead of filing a Second Amended Complaint, Plaintiff, on September 12, 2024, filed a document titled "Plaintiff Objection to Magistrate Judge's Order Requiring Another Amended Complaint"("Plaintiff's Objection") [doc. 35] arguing that the Amended Complaint is already factually and legally sufficient and that any further amendments would "not advance the case and could delay justice." (Plaintiff's Objection "Pl.'s Obj.") at 1.) Plaintiff further stated that the "Amended Complaint addresses all the required elements for each cause of action" and that "Plaintiff has now addressed a case for [n]egligence and supported each element with relevant factual allegations, in line with federal pleading standards." (Pl.'s Obj. at 2.)

U.S. District Judge Mark Pittman overruled the Plaintiff's Objection the next day [doc. 37]. Plaintiff then, on September 17, 2024, filed a document titled "Plaintiff's Answer Requiring an Order to File a Second Amended Complaint in Opposition to the Defendant's Request to Dismiss the Claim for Negligence ("Plaintiff's Answer") [doc. 38]. Plaintiff's Answer, however, does not function as a second amended complaint, providing only legal arguments and no new factual allegations. (*See* Plaintiff's Answer ("Pl.'s Ans.") at 1–6.) Thereafter, on October 1, 2024, Defendant filed its Response to Plaintiff's Answer, reiterating its arguments for dismissal of Plaintiff's Amended Complaint. (Defendant's Response ("Def.'s Res.") at 2.) The next day, Plaintiff filed a Motion to Strike Defendant's Reframing of the Case and Failure to Respond to Plaintiff's Affidavits ("Plaintiff's Motion to Strike") [doc. 41]. Because the Plaintiff has failed to file a second amended complaint in accordance with this Court's September 4 Order, the Court must consider the July 29 Amended Complaint as the live pleading in ruling on Defendant's pending motion to dismiss.

## II.  LEGAL STANDARD

A complaint fails to establish federal subject-matter jurisdiction if none of the claims (1) arise under the Constitution or laws of the United States, or (2) are between citizens of different states and the amount in controversy is alleged in good faith to be over $75,000. *See* 28 U.S.C. §§ 1331, 1332(a). A claim "arises under" the laws of the United States when the cause of action is either (1) created by federal statute[2] or (2) falls under a category of cases set forth in *Gunn v. Minton* in which a federal issue is necessarily raised, actually disputed, and substantial to a state-created claim, and the exercise of federal jurisdiction will not upset the federalism balance approved by Congress. *See Gunn v. Minton*, 568 U.S. 251, 257–58 (2013). The Fifth Circuit, in

---

[2] *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006).

*Mitchell v. Advanced HCS, L.L.C.,* noted that the conditions of this second category of cases are difficult to meet and the number of cases that satisfy all the necessary requirements is "special and small." *Mitchell v. Advanced HCS, L.L.C.*, 28 F.4th 580, 588 (5th Cir. 2022) (citing *Bd. of Comm'rs v. Tenn. Gas Pipeline Co.*, 850 F.3d 714, 721 (5th Cir. 2017)). The type of claim that creates a federal question under the *Gunn* framework is typically a state-law claim premised on federal law, such as a negligence claim where the breached duty was created by federal statute. *Id.* Courts have an independent duty to determine whether they have subject-matter jurisdiction even absent a party contesting it; a court's lack of subject-matter jurisdiction cannot be waived by the parties. *Arbaugh*, 546 U.S. at 514. A court considering a motion to dismiss under FRCP 12(b)(1) may, *inter alia,* consider the complaint and any undisputed facts in the record. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001).

A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief about the speculative level. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp.*, 550 U.S. at 550). On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### III.  ANALYSIS

As set forth above, Defendant argues that Plaintiff's Amended Complaint should be dismissed because this Court lacks subject-matter jurisdiction over the claim and because the Plaintiff has failed to properly state a claim in his Amended Complaint.

A.  **Subject-Matter Jurisdiction**

The Amended Complaint, under the section title "Claims for Relief," contains a single count: negligence.[3] (Am Compl. at 5.) There are few concepts so undeniably nonfederal as negligence. *Cf. Erie R.R. v. Thompkins*, 304 U.S. 64, 78–79 (1938) (holding that federal courts were not at liberty to exercise independent judgment on substantive state tort law). Ever since Baron Alderson first attempted to define it almost two centuries ago, the concept of unintentional tortious acts—negligent acts—has become firmly engrained in American and English common law. *See Blyth v. Birmingham Waterworks Co.*, 156 Eng. Rep. 1047, 11 Exch. 781 (1856) (defining negligence); *see also* Restatement (First) of Torts § 281 (Am. L. Inst. 1939). It also goes without saying that tortious acts in general are among the oldest concepts in American common law. *See Hull v. Orynge* (The Case of Thorns) YB 6 Edw. 4, fol. 7a, pl. 18 (1466) (Eng.). It is, thus, a gross understatement to say that a claim for simple negligence is not created by federal statute—rather, this type of claim *far* preexisted even the creation of our current Union.

Therefore, to establish this Court's subject-matter jurisdiction, the Amended Complaint must necessarily raise a substantial federal issue that is actually disputed and can be resolved without jeopardizing Congress's desire to maintain the current state-federal court caseload balance. *See Gunn*, 568 U.S. at 258. The Amended Complaint in this case does not do this. Unlike

---

[3] The Court notes that the Plaintiff attempts to rebut this fact in his recently filed Motion to Strike. (Plaintiff's Motion to Strike ("Pl.'s Mot. to Strike") at 1–2.) Plaintiff, however, ignores the fact that the Court gave him an opportunity to file a Second Amended Complaint that would contain all claims that Plaintiff wants to assert against Defendant. Plaintiff objected to this opportunity and flat-out refused to file a Second Amended Complaint. As a result, the *only* complaint before the Court is the Amended Complaint, which states in no uncertain terms that the Plaintiff claims a single ground of relief: negligence. (*See* Am. Compl. at 5 (claiming a single count of "Negligence" and outlining the requisite legal elements that have been met).)

The Court also notes that the Amended Complaint forecloses the possibility of diversity jurisdiction by alleging that the Plaintiff is domiciled in Dallas, Texas, and that Defendant "is a corporation organized and existing under the laws of the State of Texas with its principal place of business in Fort Worth, Texas." (Am. Compl. at 2.) The lack of an allegation of damages exceeding $75,000 notwithstanding, these statements, taken as true for the purposes of considering a motion to dismiss, establish nondiverse parties. Thus, the only remaining possibility that could establish this Court's subject-matter jurisdiction is "federal question" jurisdiction under 28 U.S.C. § 1331.

the Fifth Circuit's suggestion in *Mitchell*, *supra*, the claim at issue here invokes no federal statute[4] to establish the creation of a duty that was subsequently breached. (Am. Compl. at 5.); *Mitchell*, 28 F.4th at 588. Therefore, the Court concludes that there is no federal issue implicated in this state law negligence claim—no federal issue is necessarily raised, actually disputed, or substantial enough to empower this Court to adjudicate it. Additionally, if the Court did assert subject-matter jurisdiction over a claim like this, the final *Gunn* element would almost certainly be undercut as well because thousands of state law employer negligence claims could come flooding into the federal courts, upsetting the delicate balance of federalism envisioned by Congress. As such, the Court finds and concludes that it lacks subject-matter jurisdiction over the Plaintiff's sole negligence claim.[5]

---

[4] The Court notes that the Amended Complaint lists several federal statutes at the beginning of the document without providing any explanation or context: Tucker's Act of 1887, Administrative Procedure Act, and 42 U.S.C. § 1983. (*See* Am. Compl. at 1.) To the extent the Court considers them as incorporated in the Complaint's request for relief, none of them would establish a unique federal duty on the Defendant—a private corporate entity—sufficient to mirror the *Mitchell* suggestion. The Court further notes that the Affidavit in Support of Complaint ("Affidavit") filed by Plaintiff states that Plaintiff received a right to sue letter from the Equal Employment Opportunity Commission ("EEOC") in February 2024. Construing this in the light most favorable to Plaintiff, he did, in fact, bring the present suit within the statutorily required 90 days. *See* 29 C.F.R. § 1601.28(e)(1); *see also* 42 U.S.C. § 2000e-5(f)(1). However, as the EEOC's own regulations make clear, a right to sue notice authorizes a private individual to bring a civil action "under title VII, the ADA, GINA, or the PWFA within 90 days from receipt of such authorization." *Id.* The Plaintiff, however, brought suit here under none of these four possible statutes/amendments even after the Court specifically stated in its September 4, 2024, order that Plaintiff needed to file a Second Amended Complaint if he was "asserting more than a single claim of negligence against Defendant." Plaintiff, for reasons unclear to this Court, chose to ignore (and even objected to) the Court's invitation to file a Second Amended Complaint and set forth any federal claims he was asserting. Thus, the fact that he received a right to sue notice from the EEOC and sued within the 90-day window, even if construed as true, is irrelevant for this Court's subject-matter jurisdiction analysis.

[5] Even if the Court considered the Plaintiff's Amended Complaint as asserting a claim for wrongful termination based on retaliation under Title VII—which seems the most likely type of Title VII claim that these facts could support—the facts alleged are insufficient to support such a claim under the longstanding *McDonnell Douglas* framework. *See Brown v. Wal-Mart Stores E., L.P.*, 969 F.3d 571, 577 (5th Cir. 2020) (citing and applying *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). To prevail on a Title VII retaliation claim, the Plaintiff has the burden of proving that (1) they engaged in a protected activity, (2) they suffered an adverse employment action, and (3) a causal connection exists between the protected activity and the employment action. *Id.* "Protected activity" within the meaning of a Title VII claim is opposition to any practice made an unlawful employment practice by Title VII. 42 U.S.C. § 2000e-3(a). The Amended Complaint alleges few facts which would allow the Court to infer that he was engaged in protected activity at the time his employment was terminated. (*See* Am. Compl. at 2–4.) One of the relevant statements applicable to the Title VII inquiry is Plaintiff's claim that he complained of a "[h]ostile work environment: Harassment and discrimination" after reporting safety concerns at the workplace. (Am. Compl. at 3.) However, Plaintiff failed to describe facts that would inform the Court what the *specific* instances of harassment and discrimination were. Additionally, Plaintiff seems to undercut the causation element when he states that Defendant

B. **Failure to State a Claim**

In the alternative, even if this Court were to find it had subject-matter jurisdiction over the negligence claim, dismissal would nevertheless be appropriate because the claim is not supported by enough facts to raise the possibility of relief above the mere speculative level. Negligence requires a showing of at least three elements: the existence of a duty, a breach of said duty, and damages proximately caused by the breach. *See* Restatement (Second) of Torts § 281 (Am. L. Inst. 1965). While the Amended Complaint does lay out these elements, there is no factual basis to support the conclusory statements that the Plaintiff makes. For example, in the Amended Complaint, Plaintiff states that "Defendant, through its agents or employees, negligently operated and maintained its premises, creating a dangerous condition that directly caused Plaintiff to complain to those in the supervisory position . . . ." (Am. Compl. at 2.) Later, in the Amended Complaint, Plaintiff states, "[a]s a direct and proximate result of Defendant's negligence, Plaintiff may have sustained injuries and damages." (Am. Compl. at 5.) These allegations simply do not meet the pleading standards of federal court. While the common law has imposed duties on employers to maintain safe working environments for their employees,[6] there is still no factual allegation anywhere in the Amended Complaint or the Affidavit about what the Defendant *specifically* did that was a breach of its duty *to Plaintiff*.[7]

---

claimed to terminate his employment because he "had not met the Company's attendance standards." (Am. Compl. at 4.) While this is couched as an allegation made by Defendant—and a possible pretext—Plaintiff, while claiming to have proof of "ongoing communications with Defendant, does not claim that Defendant mischaracterized his absence from work. (Am. Compl. at 4.) If it is true that the Plaintiff breached an obligation on his side of the employment agreement, then the case for retaliation further weakens. The Court will not evaluate this possible Title VII claim in any further detail because it is not the basis of the requested relief; however, the foregoing should demonstrate the hurdles that would persist if such a claim was entertained.

[6] *See* Restatement (Second) of Torts § 314B (Am. L. Inst. 1965) (describing the duty an employer has to ensure the safety of their employees).

[7] The Plaintiff's Answer alludes to conceivable breaches by Defendant relating to the discovery of asbestos during an expansion project at Dallas Fort Worth International Airport ("DFW Airport"). (*See* Pl.'s Ans. at 2.) These statements, however, even if considered as true for the pending motion to dismiss, do not establish Defendant's breach.

Furthermore, the Amended Complaint is particularly confusing regarding Plaintiff's allegations of damages. For example, Plaintiff, in the Amended Complaint, indicates that he "sustained emotional and psychological harm," "expenses," mental anguish, and lost wages and earning capacity. (Am. Compl. at 4–5.) However, the Plaintiff also states that he "*may* have sustained injuries and damages." (Am. Compl. at 5 (emphasis added).) Moreover, in Plaintiff's Answer, he states that "Defendant's breach of duty was the proximate cause of Plaintiff's *complaints*, which resulted in damages: irreparable harm, emotional distress, lost wages, and loss of benefits." (Pl.'s Ans. at 3 (emphasis added).) This confusing and contradictory maze of allegations stymies this Court's ability to determine what facts support the third element of a negligence claim. Thus, the Court finds and concludes that the Amended Complaint does not state enough facts that support Plaintiff's claim of negligence.

Because Plaintiff is proceeding *pro se*, his pleadings are entitled to more lenient scrutiny than pleadings drafted by lawyers. *See Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). However, the Court finds and concludes that no amount of liberal construction of Plaintiff's Amended Complaint could establish this Court's jurisdiction or produce a legally cognizable claim. Moreover, Plaintiff has been given more than one opportunity to file a complaint that establishes this Court's jurisdiction and states a claim upon which relief can be granted. In fact, Plaintiff rebuffed the Court's most recent attempt to give him an opportunity to file a second amended complaint. Consequently, based on the Amended Complaint, which is the live pleading before this Court, the Court **FINDS**, **CONCLUDES**, and **RECOMMENDS** that Defendant's Motion to Dismiss should be **GRANTED** as this Court lacks subject-matter jurisdiction over the claim and Plaintiff failed to state a claim upon which relief can be granted.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **October 24, 2024,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 10, 2024.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE