UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

AUDIE JAMES,

    Plaintiff,

v.                                                   No. 4:24-cv-00486-P

AMERICAN AIRLINES GROUP INC,

    Defendant.

## ORDER

The United States Magistrate Judge issued findings, conclusions, and a recommendation ("FCR") in this case on October 10, 2024. ECF No. 43. The FCR evaluated Defendant American Airlines Group Inc. ("American")'s Motion to Dismiss (ECF No. 27). Plaintiff Audie James ("James") objected to the FCR on October 17, 2024, *see* ECF No. 45, so the undersigned conducted a *de novo* review. Having done so, the Court adopts the FCR's findings as the findings of the Court, endorses the FCR's conclusions, and accepts the FCR's recommendation. Accordingly, American's Motion is **GRANTED** and James's claims against it are **DISMISSED**.

## BACKGROUND

On May 21, 2024, James filed his Original Complaint ("Complaint"). James set forth three separate claims in his Complaint: (1) violation of his First Amendment Rights under 42 U.S.C. § 1983; (2) violation of the Texas Whistleblower Act under Texas Government Code § 554.003; and (3) violation of the Occupational Safety and Health Act under 29 U.S.C. § 660(c). Thereafter, on June 19, 2024, American filed a Motion to Dismiss. Subsequently, James filed an "Amended Complaint Supported by Affidavit" ("Amended Complaint"), and the Magistrate Judge issued an order finding Defendant's Motion to Dismiss moot. James's Amended Complaint dropped his original claims and stated a single cause of action: negligence.

On August 6, 2024, American filed the present Motion. James, on August 12, 2024, filed an "Objection to Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6), Fed. R. Civ. P." In this Response, James cited to the Administrative Procedures Act ("APA"), the Tucker Act, and the affidavits that he attached to his Amended Complaint for the proposition that he had sufficiently stated a claim. Additionally, James questioned the authority of American's counsel to represent them in this case.

A few days later, on August 15, 2024, James filed a "Motion to Show Delegation of Authority for Attorney Appearance Supported by Affidavit," in which James questioned whether American's counsel had authority to represent it and requested the Court to order American's counsel to prove "their delegation of authority to represent [American]." On August 20, 2024, the Magistrate Judge entered an order denying James's Motion to Show Delegation of Authority. Thereafter, On August 27, 2024, James asked the undersigned to reconsider the Magistrate Judge's August 20, 2024 Order denying his Motion to Show Delegation of Authority. Subsequently, after reviewing the motions and the Magistrate Judge's Order, the undersigned denied James's motion for reconsideration.

On August 29, 2024, the Parties filed a Joint Status Report, in which James referred to some of the claims he had alleged in his Complaint but that were dropped in the Amended Complaint. As a result, on September 4, 2024, the Magistrate Judge entered an order requiring James to file a second amended complaint on or before September 18, 2024. In that Order, the Magistrate Judge stated, *inter alia*, "[i]f Plaintiff is asserting more than a single claim of negligence against Defendant, Plaintiff needs to make this clear and set forth every claim that he is asserting against Defendant, supported by non-conclusory factual allegations." Rather than file a second amended complaint, as ordered by the Magistrate Judge, James filed a document titled "Plaintiff Objection to Magistrate Judge's Order Requiring Another Amended Complaint." In that objection, he argued that his Amended Complaint is already factually and legally sufficient and that any further amendments would "not advance the case and would delay

justice." Additionally, James's objection to the Magistrate Judge's Order stated that his "Amended Complaint addresses all the required elements for each cause of action" and that "Plaintiff has now addressed a case for [n]egligence and supported each element with relevant factual allegations, in line with federal pleading standards."

On September 13, 2024, James filed a Motion for Reconsideration of the Court's Order denying his first Motion for Reconsideration of the Magistrate Judge's Order denying his Motion to Show Delegation of Authority. That same day, the undersigned entered an order denying James's second Motion for Reconsideration and overruling his objections to the Magistrate Judge's Order for him to file a second amended complaint. On September 17, 2024, James filed a second Response to American's Motion to Dismiss. On September 25, 2024, James filed a Motion for Summary Judgment. On October 1, 2024, American filed its Reply. The next day, James filed a Motion to Strike American's "Reframing of the Case and Failure to Respond to Plaintiff's Affidavits." In that Motion, James argued that American was improperly attempting "to reframe [his] action as negligence." Because the only cause of action pled by James in his Amended Complaint is negligence, the Magistrate Judge denied his Motion to Strike.

On October 10, 2024, because American's Motion to Dismiss was fully briefed and James had failed to file a second amended complaint as ordered, the Magistrate Judge entered a FCR recommending that the undersigned grant American's Motion and dismiss this case. On October 17, 2024, James filed his objections to the FCR. That same day, James filed a Motion for Leave to file a Second Amended Complaint—in which he asserts a single cause of action for negligence.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A court must have the power to decide the claim before it (subject-matter jurisdiction) and power over the parties before it (personal jurisdiction) before it can resolve a case."

*Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 95 (2017). When a claim is moot, the former is absent, and a defendant may move to dismiss under Rule 12(b)(1). *Am. Precision Ammunition, LLC. v. City of Mineral Wells*, 90 F.4th 820, 824 (5th Cir. 2024); *see also* Fed. R. Civ P. 12(b)(1). "When a Rule 12(b)(1) motion is filed with other Rule 12 motions, the court first considers its jurisdiction." *McLin v. Twenty-First Jud. Dist.*, 79 F.4th 411, 415 (5th Cir. 2023).

When evaluating subject-matter jurisdiction, the Court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In doing so, the Court "accept[s] all well-pleaded factual allegations in the complaint as true and view[s] them in the light most favorable to the plaintiff." *Abdullah v. Paxton*, 65 F.4th 204, 208 (5th Cir. 2023). Still, "the burden of proof [is] on the party asserting jurisdiction." *McLin*, 79 F.4th at 415 (citing *Ramming*, 281 F.3d at 161).

Even where jurisdiction is established, a complaint must state a plausible claim to relief. *Terwilliger v. Reyna*, 4 F.4th 270, 279 (5th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see generally* FED. R. CIV. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). The complaint's factual allegations suffice if they allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. If they don't, dismissal is proper under Rule 12(b)(6). *See* FED. R. CIV. P.12(b)(6).

At the pleadings stage, the Court accepts all well-pled facts as true and views them in the light most favorable to the plaintiff. *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 154–55 (5th Cir. 2010). And federal courts have long held that "however inartfully pleaded," the complaint of a pro se litigant "must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). But the Court's assumption of truth does not extend to conclusory allegations or "a formulaic recitation of the elements of a

4

cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For this requirement, a plaintiff's *pro se* status is no protection. *See Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

## ANALYSIS

The Magistrate Judge entered a FCR recommending that the undersigned grant American's Motion and dismiss this case for lack of subject matter jurisdiction.[1] ECF No. 43. In response, James filed numerous objections.[2] *See* ECF No. 45. While James's document titled "Objections to Magistrate Judge Jeffrey L. Cureton's [FCR]" is twenty-five pages long, the only cognizable objection therein states as follows:

> "Defendant improperly reframed the Complaint as one of negligence leaving a remaining Complaint that was dropped as a violation of his First Amendment Rights under 42 U.S.C. 1983. Which is a Civil Rights Violation. This procedural manipulation resulted in a flawed analysis of the subject matter jurisdiction."

ECF No. 45 at 2–3 (mistakes in original); *see also* ECF No. 45 at 7–9 (stating that the Magistrate Judge erred by analyzing subject matter jurisdiction based on only a negligence cause of action).

### A. James's Objection is Overruled

After reviewing the Amended Complaint and American's Motion to dismiss, the Magistrate Judge concluded that James's negligence claim

---

[1] The FCR also concludes that James has failed to state a claim under 12(b)(6). However, because the undersigned adopts the FCR with regard to the subject matter jurisdiction analysis, the Court need not address whether James sufficiently pled his negligence claim.

[2] Many of James's "objections" center around accusations of judicial bias, inapplicable federal statutes (i.e., the APA), and the Court's denial of his request for Defendant's counsel to show authority. The FCR thoroughly explained the inapplicability of the federal statutes cited by James. *See* ECF No. 43 at 6 n.4. Furthermore, James's questions regarding the biases of the undersigned and the Magistrate Judge, based on prior rulings and cases, are insufficient to warrant recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.") (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). Accordingly, to the extent these are cognizable objections, they are **OVERRULED.**

does not confer the Court diversity or federal jurisdiction over this case. ECF No. 43 at 5–6. James repeatedly asserts that the Magistrate Judge's subject matter jurisdiction analysis was incorrect because American impermissibly reframed his Amended Complaint as stating only a claim for negligence. *See* ECF No. 45 at 2–3, 7, 8, 9. Notably, James does not argue that the Magistrate Judge applied the law incorrectly. Rather he argues only that his other claims were not considered in the Magistrate Judge's analysis. *Id.* Consequently, the undersigned need only to decide whether the Magistrate Judge's analysis was erroneous based on the fact that it considered only a claim of negligence and not federal causes of action.

While the Court is sympathetic to the difficulties faced by a *pro se* plaintiff, the Court is perplexed by James's objection. A review of James's Amended Complaint, which is the live pleading in this case, reveals that James states only one cause of action—negligence. ECF No. 23 at 5–6. In fact, when the Magistrate Judge gave James an opportunity to amend his complaint so that he might properly bring the claims in his original petition, James objected to the order by stating that he had sufficiently pled his negligence claim and that further amendment "would not advance the case and would delay justice." ECF No. 35 at 1–2. Therefore, it is clear to the Court that James—not American—framed this case as sounding in negligence when he filed his Amended Complaint, which contains only a negligence cause of action. *See* ECF. No. 23; *see also Garrison v. Carr*, No. 4:21-CV-488-P, 2022 WL 912773, at *1 (N.D. Tex. 2022) (Pittman, J.) (citing *Clark v. Tarrant County*, 798 F.2d 736, 740 (5th Cir. 1986) (noting that an amended complaint entirely supersedes and takes the place of an original pleading, rendering the original complaint of no legal effect)). Accordingly, James's objection to the Magistrate Judge's subject matter jurisdiction analysis focusing only on a single claim of negligence is **OVERRULED** and the undersigned adopts the Magistrate Judge's analysis in its entirety.

## B. James's Motion for Leave to Amend

Also before the Court is James's Motion for leave to File a Second Amended Complaint (ECF No. 44). The Court first notes, as discussed

above, that James objected to and wholly failed to comply with the Magistrate Judge's Order for him to file a second amended complaint. Despite this, the Court, in the interest of fairness and justice, considered James's Motion and reviewed the amended complaint attached therein. That review revealed that James's proposed second amended complaint states only one cause of action—negligence. *See generally* ECF No. 44. Because—as thoroughly discussed in the FCR, which the undersigned has adopted—this Court lacks subject matter jurisdiction over James's negligence claim against American. Consequently, allowing James to file the proposed amendment would be futile. Accordingly, James's Motion is **DENIED**.

### C. James's Motions for Summary Judgment and Sanctions

Finally, James has filed a Motion for Summary Judgment (ECF No. 39), and a Motion for Sanctions (ECF No. 47) in this case. Because the Court finds that it lacks subject matter jurisdiction over this case, those motions are **DENIED as moot**.

## CONCLUSION

Based on the foregoing, it is **ORDERED** that: 1) American's Motion to Dismiss is **GRANTED**; 2) James's Motion for Leave to File a Second Amended Complaint is **DENIED**; 3) James's Motion for Sanctions is **DENIED**; and 4) James's Motion for Summary Judgment is **DENIED**. It is further **ORDERED** that James's claim is **DISMISSED without prejudice**.

**SO ORDERED** on this **31st day of October 2024.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE